**Velma CARTER, Plaintiff-Appellant,**

v.

**NEW ORLEANS AVIATION BOARD,**
**etc., et al., Defendants-Third-Party**
**Plaintiffs-Appellees,**
**PROFESSIONAL MAINTENANCE OF**
**NEW ORLEANS, INC., et al.,**
**Third-Party-Defendants.**

**No. 74–1167**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 3, 1974.

Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

the predicate that all the medical history revealed severe preexisting degenerative arthritis which condition did not change after the accident, and, more specifically, that both medical reports showed there had been no aggravation of the preexisting condition.

The predicate was erroneous, and the defendants do not contend otherwise. Rather they urge that a district judge is not precluded by conflicting medical evidence from evaluating all the evidence and deciding under appropriate standards that jurisdictional amount is not present.[1] The short answer is that that is not what the District Judge did in this case, and the dismissal must be and is reversed and the cause remanded.

Bruce W. Dinwiddie, Edward J. Brandao, Kenneth W. Manuel, New Orleans, La., William F. Dukes, Gulfport, Miss., for plaintiff-appellant.

A. Remy Fransen, Jr., New Orleans, La., for defendants-appellees.

Francis G. Weller, New Orleans, La., for other interested parties.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

The District Judge dismissed this personal injury case for want of jurisdictional amount after having examined medical reports submitted by plaintiff's treating physician and a physician who examined her at the request of the defendants. In his oral findings delivered from the bench following a hearing, the District Judge based his dismissal on

---

1. They also urge various reasons why certain of the conclusions set out by plaintiff's own doctor in his report should be ignored or minimized.